Filing # 248774697 E-Filed 05/22/2026 08:09:46 AM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SIXTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PINELLAS</u>   COUNTY, FLORIDA

<u>Save the Garden, Brooks Gibbs, Kelly Myer, Jessica Andujar, Tonatiuh Tello, Jill Gibbs,</u>
<u>                                                                          William Mathis, Janice </u>
<u>                                                                          Basler</u>

Plaintiff                                                          Case # _____
                                                                      Judge  _____

vs.
<u>City of Clearwater</u>
  Defendant

_____

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☒ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☐ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   2

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Nicholas L.V. Warren        Fla. Bar # 1019018
        Attorney or party                 (Bar # if attorney)

Nicholas L.V. Warren            05/22/2026
 (type or print name)          Date

Filing # 248774697 E-Filed 05/22/2026 08:09:46 AM

**IN THE SIXTH JUDICIAL CIRCUIT COURT**
**IN AND FOR PINELLAS COUNTY, FLORIDA**

SAVE THE GARDEN, *et al.*,

    *Plaintiffs*,

v.                                      Case No. _____

CITY OF CLEARWATER,

    *Defendant*.

_____/

**<u>SUMMONS</u>**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

    **CITY OF CLEARWATER**
    One Clearwater Tower
    600 Cleveland Street, 6th Floor
    Clearwater, FL 33756

    Each defendant is required to serve written defenses to the complaint or petition on <u>Nicholas Warren</u>, plaintiff's attorney, whose address is <u>ACLU of Florida, 4343 W. Flagler St., Ste. 400, Miami, FL 33134</u>, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

                                   DATED: _____

                                   KEN BURKE
                                   As Clerk of the Circuit Court

                                 By: <u>NOT ISSUED - PER AO 25-006 NEED STANDING ORDER</u>
                                       As Deputy Clerk

1

***ELECTRONICALLY FILED 05/22/2026 08:09:44 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

**IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PINELLAS AND PASCO COUNTIES, FLORIDA**
**CIVIL DIVISION**

Save the Garden, et al.,
Plaintiff(s),

Case No. 26-003144-CI
UCN: 52-2026-CA-003144-XXCICI

v.

City of Clearwater,
Defendant(s).

_____ /

## STREAMLINED CASE STANDING ORDER

All civil actions, except those enumerated in Fla. R. Civ. P. 1.200(a), shall be assigned one of three case management tracks within **120 days** after the action is filed: streamlined, general, or complex. *See* Fla. R. Civ. P. 1.200(b). NOTE: The parties must comply with Fla. R. Civ. P. 1.201 to designate the action as "complex." **Plaintiff(s), or Plaintiff(s)'s counsel, must file and serve this Standing Order upon Defendant(s) or Defendant(s)'s counsel with the summons and complaint.**

## CASE TRACK ASSIGNMENT: STREAMLINED

| DEFINITION: | PROJECTED TRIAL DATE: |
|---|---|
| Actions that reflect mutual knowledge of the underlying facts, have limited needs for discovery, well-established legal issues related to liability and damages, few anticipated dispositive pretrial motions, minimal documentary evidence, and an anticipated trial length of 3 days or less. | 12 months after the action is filed. *See* Fla. R. Civ. P. 1.440. |

## DEADLINES:

The parties are subject to a continuing duty to **MEET AND CONFER** regarding the projected deadlines established by this Order. ***All deadlines established by this Order must be strictly enforced and can only be changed by court order***. If a party is unable to meet the established case management deadlines, the party must notify the Court within a reasonable time. Any request to change the overall case track assignment must be filed promptly after the appearance of good cause to support the motion. To modify the terms of this Order, the parties may: (1) submit an agreed order to the Court to extend a deadline; or (2) file a motion in accordance with Fla. R. Civ. P. 1.200(e)(3)(A)-(D) seeking leave of Court to extend a deadline, modify this Order, or alter a projected trial period. To schedule an actual trial date, the parties must cooperate with the Court according to its practice preferences. To alter an actual trial period, the parties must satisfy the requirements of Fla. R. Civ. P. 1.460.

| CATEGORY: | STREAMLINED CASE DEADLINES: |
|---|---|
| **Service of Complaint** | 120 days after the action is filed. *See* Fla. R. Civ. P. 1.070(j). |
| **Service under Extension** | Deadlines for extensions to serve process upon defendants are at the discretion of the trial judge. *See* Fla. R. Civ. P. 1.070(j). |
| **Pre-Trial Conference** | To be scheduled pursuant to the trial judge's practice preferences. |
| **Schedule a Trial Date** | 8 months after the action is filed. *See* Fla. R. Civ. P. 1.440. |
| **Adding New Parties** | Deadline for adding new parties is at the discretion of the trial judge. *See* Fla. R. Civ. P. 1.070(j); *see also* Fla. R. Civ. P. 1.190. |
| **Completion of Fact Discovery** | Before the pre-trial conference. |
| **Completion of Expert Discovery** | Before the pre-trial conference. |
| **Filing and Service of Motions for Summary Judgment** | File and serve 60 days before the pre-trial conference. Must be heard prior to the pre-trial conference. |
| **Filing and Resolution of All Objections to Pleadings** | Before the actual trial date. |
| **Filing and Resolution of All Pretrial Motions** | Before the pre-trial conference. |
| **Completion of Alternative Dispute Resolution,** including Non-Binding Arbitration and Mediation | Before the actual trial date. |

        **THEREFORE, it is ORDERED and ADJUDGED** in the Sixth Judicial Circuit, Florida, this ____ day _____, 20___:

        The above-styled case is designated as **STREAMLINED** with a projected trial date of **12 MONTHS AFTER THE ACTION IS FILED**, and all parties must abide by the corresponding deadlines.

*Effective per Admin. Order*
*2025-006 PA/PI-CIR*

_____
Shawn Crane, Chief Judge

**IN THE SIXTH JUDICIAL CIRCUIT COURT
IN AND FOR PINELLAS COUNTY, FLORIDA**

SAVE THE GARDEN, *et al.*,

     *Plaintiffs*,

v.                                         Case No. 26-003144-CI

CITY OF CLEARWATER,

     *Defendant*.

_____/

**<u>SUMMONS</u>**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

     **CITY OF CLEARWATER**
     One Clearwater Tower
     600 Cleveland Street, 6th Floor
     Clearwater, FL 33756

     Each defendant is required to serve written defenses to the complaint or petition on <u>Nicholas Warren</u>, plaintiff's attorney, whose address is <u>ACLU of Florida, 4343 W. Flagler St., Ste. 400, Miami, FL 33134</u>, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED:   05/29/2026
_____

KEN BURKE
As Clerk of the Circuit Court

By: _____
                  As Deputy Clerk

**KEN BURKE, CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165**

1

***ELECTRONICALLY FILED 05/22/2026 03:14:20 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

**IN THE SIXTH JUDICIAL CIRCUIT COURT
IN AND FOR PINELLAS COUNTY, FLORIDA**

SAVE THE GARDEN, *et al.*,

    *Plaintiffs*,

v.                                  Case No. 26-003144-CI

CITY OF CLEARWATER,

    *Defendant*.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

    **CITY OF CLEARWATER**
    One Clearwater Tower
    600 Cleveland Street, 6th Floor
    Clearwater, FL 33756

    Each defendant is required to serve written defenses to the complaint or petition on Nicholas Warren, plaintiff's attorney, whose address is ACLU of Florida, 4343 W. Flager St., Ste. 400, Miami, FL 33134, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**KEN BURKE, CLERK CIRCUIT COURT**
**315 Court Street**
**Clearwater, Pinellas County, FL 33756-5165**

DATED: _06/02/2026_____

KEN BURKE
As Clerk of the Circuit Court

By: _____
             As Deputy Clerk

## RETURN OF SERVICE

| State of Florida | County of Pinellas | Circuit Court |
|---|---|---|

Case Number: 26-003144-CI

Plaintiff:
**SAVE THE GARDEN; ET AL**

vs.

Defendant:
**CITY OF CLEARWATER**

For:
AMERICAN CIVIL LIBERTIES UNION OF FLORIDA

Received by Accel Process Service, Inc. on the 29th day of May, 2026 at 4:27 pm to be served on **CITY OF CLEARWATER, ONE CLEARWATER TOWER, 600 CLEVELAND ST. 6TH FLOOR, CLEARWATER, FL 33756**.

I, PATRICK MCAULIFFE, do hereby affirm that on the **1st day of June, 2026** at **1:45 pm**, I:

served a **GOVERNMENT AGENCY** by delivering a true copy of the **SUMMONS; COMPLAINT; STREAMLINED CASE STANDING ORDER** with the date and hour of service endorsed thereon by me, to: **Matthew Mytych** as **Assistant City Attorney** for **CITY OF CLEARWATER**, and informed said person of the contents therein, in compliance with State Statutes.

**Military Status:** The person served with said documents refused to state whether or not the Defendant is in the Military Service of the United States of America.

**Marital Status:** Based upon inquiry of party served, they refused to state whether or not the Defendant is married.

**Description** of Person Served: Age: 36, Sex: M, Race/Skin Color: White, Height: 6'1", Weight: 190, Hair: Dark Blonde, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the foregoing (document) and that the facts stated are true. No notary required pursuant to Florida State Statutes 92.525 (B)(2).

PATRICK MCAULIFFE
APS #09042

**1230987 -A**
**SPECIAL PROCESS SERVICE**
Pinellas County, Florida
Bob Gualtieri, Sheriff

**Accel Process Service, Inc.**
**10485 Hazel Street**
**Seminole, FL 33778**
**(727) 492-0651**

Our Job Serial Number: DAT-2026000941

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

Accel Process Service, Inc.
10485 Hazel Street
Seminole, FL 33778
Phone: (727) 492-0651
Fax: (727) 289-9475

# INVOICE

Invoice #DAT-2026000941
6/1/2026



AMERICAN CIVIL LIBERTIES UNION OF FLORIDA

**Case Number: Pinellas 26-003144-CI**

Plaintiff:
**SAVE THE GARDEN; ET AL**

Defendant:
**CITY OF CLEARWATER**

Received: 5/29/2026    Served: 6/1/2026 1:45 pm   GOVERNMENT AGENCY
To be served on: CITY OF CLEARWATER

## ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Rush Fee | 1.00 | 150.00 | 150.00 |
| Printing Fee | 1.00 | 6.00 | 6.00 |
| TOTAL CHARGED: | | | $156.00 |
| 5/29/2026 | Pre-Payment | | 156.00 |
| **BALANCE DUE:** | | | **$0.00** |

**Thank you for your business!**

Please enclose a copy of this invoice with your payment. Payment terms effective immediately: Invoices are due UPON RECEIPT. Please notify our office if payment has been made. Client will be responsible for all attorney's fees and costs incurred for any accounts sent to collections. Jurisdiction is vested in Pinellas County, Florida. A LawPay link is available in the signature line of our emails. All credit cards are accepted.
All Credit Cards are accepted.

**IN THE SIXTH JUDICIAL CIRCUIT COURT
IN AND FOR PINELLAS COUNTY, FLORIDA**

SAVE THE GARDEN, *et al.*,

    *Plaintiffs*,

v.                                      Case No. 26-003144-CI

CITY OF CLEARWATER,

    *Defendant*.

_____/

**PLAINTIFFS' MOTION TO EXPEDITE PROCEEDINGS, FOR LEAVE TO FILE SUMMARY JUDGMENT MOTION, AND FOR CASE MANAGEMENT CONFERENCE**

Plaintiffs move to expedite the proceedings in this case, for leave to file a summary judgment motion, and request a case management conference.

1. Plaintiffs are the Save the Garden citizens' initiative and the seven individual members of its petitioners' committee. Save the Garden collected over 8,000 signatures to place a measure on the City of Clearwater ballot at the upcoming August 2026 election. Defendant City of Clearwater rejected many of Plaintiffs' signatures and determined the initiative had not attained the required number of signatures. Plaintiffs allege that the City rejected signatures for illegal reasons in violation of both the City Charter and First Amendment. Plaintiffs now seek judicial redress for these violations so that their measure can be voted on in the upcoming elections.

2. Those elections—the August 18, 2026 primary and November 3, 2026 general—are fast approaching. Thus, the speedy resolution of this matter is paramount to protect Plaintiffs' rights and those of all Clearwater voters.

3. The Rules of General Practice and Judicial Administration direct courts to expedite cases like this one that involve elections. Rule 2.215(h) provides that "[e]very judge has a duty to expedite priority cases to the extent reasonably possible," noting, "[p]articular attention must be given to all . . . challenges involving elections[.]"

1

4.     Most, if not all, of the dispositive issues in this case are ripe for resolution on summary judgment. Plaintiffs plan to file a motion for summary judgment as soon as possible for resolution as quickly as possible.

5.     Under Florida Rule of Civil Procedure 1.510(b), a party may not move for summary judgment until after 20 days from the commencement of the action. For this case, that date is June 11, 2026. Rule 1.510(c)(6) provides that a summary judgment hearing must be set at least 10 days after the deadline for serving a response, unless the parties stipulate or the court orders otherwise.

6.     The City's counsel has told Plaintiffs that it plans to remove this case to federal court. Under Federal Rule of Civil Procedure 56(b), a party may move for summary judgment at any time.

7.     However, the City will not consent to waiving the waiting period for Plaintiffs to file a summary judgement motion—even though no time limitation applies in the City's preferred forum.

8.     This Court has the "broad discretion to manage its docket." *Carnevale v. Shir*, 390 So. 3d 717, 720 (Fla. 3d DCA 2024) (quotation omitted). Indeed, the Second District has recognized "the need to allow trial judges broad discretion to manage their dockets to insure that matters are timely resolved." *Fasig v. Fasig*, 830 So. 2d 839, 842 (Fla. 2d DCA 2002). Under the circumstances, permitting Plaintiffs to file a summary judgment motion before June 11 is warranted to avoid unnecessary delay.

9.     This request will not prejudice the City, because once the City removes this case to its preferred forum, Plaintiffs can move for summary judgment at any time, and that court can hear the motion at any time.

10.     Additionally, to properly set a timetable to resolve these expedited proceedings,

Plaintiffs submit that a case management conference should be set as soon as possible, at which the Court and parties can set a schedule for the speedy resolution of this case.

WHEREFORE, Plaintiffs respectfully request the Court expedite this case and set a status conference as soon as practicable.

## CERTIFICATE OF CONFERRAL

I certify that on the morning of May 22, 2026, I sent a copy of the Complaint and sought the City's position on Plaintiffs' request to expedite the case and hold a case management conference, as well as availability for a conference, to counsel for Defendant, Interim City Attorney Owen Kohler. On May 25, Mr. Kohler confirmed receipt and shared that the City is being represented in this case by Bryant Miller Olive PA, including the retained counsel's contact information, whom he copied on his reply. On May 27, I again sought retained counsel's position by email, as well as the request to waive the waiting period to file a summary judgment motion. Retained counsel Ellie Neiberger and I exchanged emails regarding the requested relief on May 27, 28, 29, and 31.

On June 1, I discussed the relief requested with Ms. Neiberger by telephone. The City opposes the relief requested.

Respectfully submitted June 1, 2026,

/s/ Nicholas L.V. Warren
Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on June 1, 2026, this document has been furnished by email to counsel for Defendant City of Clearwater, Ellie Neiberger and Jennifer Cowan, at eneiberger@bmolaw.com and jcowan@bmolaw.com, via the eFiling Portal.

/s/ Nicholas L.V. Warren
Counsel for Plaintiffs

**IN THE SIXTH JUDICIAL CIRCUIT COURT
IN AND FOR PINELLAS COUNTY, FLORIDA**

SAVE THE GARDEN, *et al.*,

    *Plaintiffs*,

v.                                                                    Case No. 26-003144-CI

CITY OF CLEARWATER,

    *Defendant*.

_____/

**<u>NOTICE OF HEARING</u>**

    Please take notice that on **June 5, 2026, at 11:30 AM**, Plaintiffs will call up for a 15-minute hearing via Zoom:

**PLAINTIFFS' MOTION TO EXPEDITE PROCEEDINGS, FOR LEAVE TO FILE
SUMMARY JUDGMENT MOTION, AND FOR CASE MANAGEMENT CONFERENCE
[Filed June 1, 2026]**

The Zoom information is:

    https://zoom.us/j/95043737758?pwd=7A5YVVbA0JGBPa0YbT3bCceSiXRUtJ.1

    Meeting ID: 950 4373 7758
    Passcode: 813515

    One tap mobile
    +17866351003,,95043737758#,,,,*813515# US (Miami)
    +13126266799,,95043737758#,,,,*813515# US (Chicago)

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Human Rights Office, 400 South Ft. Harrison Avenue, Suite 300, Clearwater, FL 33756, (727) 464-4062 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

1

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on June 2, 2026, this document has been furnished by email to counsel for Defendant City of Clearwater, Ellie Neiberger and Jennifer Cowan, at eneiberger@bmolaw.com and jcowan@bmolaw.com, via the eFiling Portal.

<u>*/s/ Nicholas L.V. Warren*</u>
Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-1769
nwarren@aclufl.org
dtilley@aclufl.org

*Counsel for Plaintiffs*