## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SAVE THE GARDEN, BROOKS GIBBS,
KELLY MYER, JESSICA ANDUJAR,
TONATIUH TELLO, JILL GIBBS,
WILLIAM MATHIS, and JANICE BASLER,

       Plaintiffs,

v.

                                     Case No. 8:26-cv-01662

CITY OF CLEARWATER,

       Defendant.

_____/

## AFFIDAVIT OF ROSEMARIE CALL

1.    My name is Rosemarie Call. I am over 18 years old and otherwise competent to make this affidavit.

2.    I am employed by the City of Clearwater, a Florida municipality ("City"), as the City Clerk. I have been the City Clerk since 2010. I report directly to the City Manager, the City's chief executive officer.

3.    As the City Clerk, I am the City's records custodian and responsible for performing the other official duties set forth in Section 3.02 of the City Charter, Section 2-264 of the City's Code of Ordinances ("City Code"), and other provisions of the City Charter, City Code, and resolutions of the City Council.

4.    As the City's records custodian, I am authorized to certify public records of the City and otherwise authorized to make this affidavit. I am qualified

to make the representations contained in this affidavit based on personal knowledge and my official duties.

5.    The City Charter, the City's Code of Ordinances, and the City's Community Development Code are maintained and available for public inspection and copying at the City Clerk's office, and the codified versions are available for public inspection and reproduction free of charge on Municode, an online codification service for local government legislation, at the following Municode site for the City: https://library.municode.com/fl/clearwater.

6.    By virtue of my duties and responsibilities as records custodian, I am familiar with the City's records and its record-keeping policies, practices, and the manner in which the City creates, maintains, and retains records. Pursuant to my job duties, I am familiar with the specific records of the City attached to this affidavit as exhibits.

7.    I perform my duties as City Clerk with the assistance of the City Clerk's Office staff. Staff in the City Clerk's office report to me, perform duties and responsibilities at my direction and under my oversight.

8.    I certify that the following exhibits attached to this affidavit are true and correct copies of the following public and business records of the City:

Exhibit 1:    City Charter - Article VI, Initiative; Referendum; Recall

Exhibit 2:    City Charter - Article VIII, Nominations and Elections

Exhibit 3:      Initiative for Proposed City Ordinance and Petitioners' Committee Affidavit of Brooks Gibbs, Jessica Andujar, Kelly Myer, Tonathiut M. Tello, and Jill Gibs dated 6/13/2025 (submitted to City Clerk's office 6/13/2025)

Exhibit 4:      10/7/2025 Email from Terrance Lightey to City Clerk re: Canvassing Committee

Exhibit 5:      10/7/2025 Email from Kelly Myers to City Clerk re: Committee Members

Exhibit 6:      10/16/2025 Letter from City Clerk to Brooks Gibbs re: Complaint Received 10/7/25

Exhibit 7:      3/17/2026 Cover Letter from Brooks Gibbs to City Clerk re: Submission of Citizen Initiative Petition

Exhibit 8:      4/2/2026 Certification of City Clerk re: Sufficiency of Petition

Exhibit 9:      4/2/2026 Email (with attached letter) from Gavin Rollins, Esq., Sabatini Law Firm P.A., to City Clerk re: Notice of Representation – Certification of Citizen Initiative Petitioner (Voter Approval Required for the Vacation of Public Right-of-Way in Downtown) - Petition Submitted March 17, 2026

Exhibit 10:     4/3/2026 Email from Scott Burrows on behalf of City Clerk to Brooks Gibbs re: Certificate of Clerk

Exhibit 11:     4/3/2026 Email from Brooks Gibbs to City Clerk re: Certificate of City Clerk (request for review of certificate by City Council according to City Charter Section 6.06(b), and 4/6/2026 Reply Email from City Clerk Confirming Receipt

Exhibit 12:     4/6/2026 Email from Brooks Gibbs to City Clerk re: Certificate of City Clerk (notice of intent to amend petition per City Charter Section 6.06(a)

Exhibit 13:     Letter from Sabatini Law Firm P.A. to City Clerk re: Certificate of Insufficiency received by City Clerk 4/17/2026

Exhibit 14:     4/22/2026 Certificate of City Clerk – Petition Amendment

Exhibit 15: 4/23/2026 Email from City Clerk to Brooks Gibbs, and 4/23/2026 Email from Brooks Gibbs to City Clerk re: Save the Garden Petition

Exhibit 16: Agenda for City Council Workshop on 5/18/2026

Exhibit 17: Approved Minutes of Regular Meeting of the City Council held 5/21/2026

Exhibit 18: City Clerk's Office Spreadsheet of Previously Unverified Petition Signature Verification with Review of Inactive Voter List – completed 6/12/2026

Exhibit 19: Pinellas County Supervisor of Elections Agreement for In-Conjunction Municipal Election - City of Clearwater - Primary Election - August 18, 2026

Exhibit 20: 3/2/2026 Email from Pinellas County Supervisor of Elections' Office to City Clerk re: 2027 Municipal Election Cost Estimate (with attachment: Cost Estimate)

Exhibit 21: Section 28.05, Vacation of streets, alleys, rights-of-way, easements

Exhibit 22: Excerpts from City's Community Development Code

Exhibit 23: 2025 Emails from Petitioner's Committee Members to City

9. The records attached as exhibits to this affidavit are true and correct copies of public records of the City. The attached records were made or received in connection with the City's official business and are kept in the ordinary course of the City's regular business activities. Records of this type are made or received and maintained in the ordinary course of the City's official business.

10. The records attached as exhibits to this affidavit are records authorized by law to be recorded or filed and actually recorded or filed in the public records of

the City setting forth the activities of the City and/or matters recorded by the City pursuant to a duty imposed by law.

11.   Under Article VI of the City Charter, titled "Initiative; Referendum; Recall" (Sections 6.01-6.09), the City Clerk has certain duties and involvement in the initiative petition process.

12.   Article VI provides that any five voters may commence initiative petition proceedings by filing with the City Clerk an affidavit of a proposed initiative ordinance and an affidavit of the five voters, who shall constitute as the petitioners' committee.

13.   Promptly after the affidavit and proposed initiative ordinance were filed, I promptly issued petition blanks to the petitioners' committee to be used to gather voter signatures to the initiative petition.

14.   Article VI provides, among other things, that an initiative petition must be signed by voters of the City equal in number to at least 10% of the total number of voters registered to vote in the last regular City election. (Ex. 1).

15.   On June 13, 2025, five individuals filed an affidavit and a proposed initiative ordinance with me by email. The proposed initiative ordinance would require voter approval for the vacation of public right-of-way in Downtown Clearwater Community Redevelopment Area (CRA). (Ex. 3).

16.     The affidavit filed with me on June 13, 2026, was executed by each of the following five individuals, as the petitioners' committee: Brooks Gibbs, Jessica Andujar, Kelly Myer, Tonatiuth M. Tello, and Jill Gibbs. The body of the affidavit stated in full: (Ex. 3).

> The undersigned affiants are qualified voters in the City of Clearwater and shall constitute the petitioners' committee, responsible for circulating the petition and filing it in proper form. Each affiant states their name and address below, and all notices to the committee shall be sent to the address of the first-named affiant.

17.     The affidavit was not a form prepared by the City or provided to the petitioners' committee by the City.

18.     I reviewed the affidavit and had no reason to doubt the truth of the statements it contained.

19.     Therefore, promptly after receiving the affidavit and proposed initiative ordinance, I issued petition blanks to the petitioners' committee to be used for voters to sign the initiative petition.

20.     At the request of one of the petitioners' committee members, Kelly Myers, I contacted the SOE's office to determine the number of signatures that would be required to meet the 10% threshold. The SOE's office informed me that, at last regular City election, there were 70,675 registered voters. Therefore, the initiative petition would need to be signed by at least 7,067 voters. (Ex. 1). I communicated this to Ms. Myers.

21.     On October 7, 2025, I received a complaint via email from a member of the public, informing me that one of the five petitioners' committee members, Jessica Andujar, was not a registered voter. (Ex. 4).

22.     That same day, I contacted the SOE's office, which confirmed that Jessica Andujar was not registered to vote. I then called petitioners' committee member, Kelly Myer, and informed her of this.

23.     Later in the day, on October 7, 2025, I received an email from Kelly Myer stating that Jessica Andujar would register to vote the following day. With her email, she also submitted the petitioners' committee affidavit executed by two additional individuals who were registered voters. (Ex. 5).

24.     As a courtesy, on October 16, 2025, I sent the committee members a letter, together with a copy of the citizen's complaint that I received on October 7, 2025, encouraging them to consult with legal counsel regarding the legal sufficiency of their initiative petition. (Ex. 6).

25.     Therefore, the first day there was a petitioners' committee of five voters was October 7, 2025 ("Petitioners' Committee").

26.     On March 17, 2026, the Petitioners' Committee submitted the initiative petition containing 8,051 signatures to the City Clerk's office. (Ex. 7).

27.     Upon receiving the initiative petition submission, I requested the voter roll from the SOE for the purpose of verifying the initiative petition signatures.

28.    Pursuant to Section 6.06 of the City Charter, the initiative petition was reviewed by me and other members of the Clerk's Office, with two members of the City Manager's staff providing assistance under my supervision.

29.    Based on this review, I determined that the initiative petition contained 2,702 valid signatures, and 5,349 invalid signatures.

30.    Of the 8,051 signatures that were submitted in total, 4,306 signatures were collected prior to October 7, 2025. Since Section 6.04 of the City Charter requires five voters to file an affidavit and proposed initiative ordinance in order to commence the initiative petition process, the initiative process did not commence until October 7, 2025, when a five-voter petitioners' committee was formed for the first time.

31.    As a result, none of the 4,306 signatures collected before the initiative process commenced on October 7, 2025, could be considered for purposes of the 10% signature minimum.

32.    There were 3,745 signatures collected on or after October 7, 2025. Following review of the petition signatures, 1,043 signatures were found to be invalid. A total of 2,702 signatures were found to be valid.

33.    Pursuant to Section 6.06 of the City Charter, I issued a Certificate of City Clerk on April 2, 2026, finding the initiative petition to be insufficient. (Ex. 8). The Certificate was sent to the Petitioners' Committee by registered mail that

same day and was received by the Committee on April 7, 2026. A copy was also emailed to the Petitioners' Committee on April 3, 2026 (Ex. 10). The Certificate is incorporated into this affidavit by reference.

34.    Also on April 2, 2026, I received a notice that the Petitioners' Committee was represented by legal counsel in connection with the matter. (Ex. 9).

35.    On April 6, 2026, the Petitioner's Committee submitted a notice of intention to amend the initiative pursuant to Section 6.06(a).

36.    On April 17, 2026, the Petitioner's Committee submitted an amended/supplemental initiative petition containing 701 additional signatures.

37.    After reviewing the additional 701 signatures, I determined that the amended/supplemental initiative petition contained 506 valid signatures and 195 invalid signatures.

38.    As more particularly described in the Certificate of City Clerk for the Amended Initiative Petition that I issued on April 22, 2026 (Ex. 14), I determined that the initiative petition submitted March 17, 2026, and the amended/supplemental petition submitted April 17, 2026, contained 3,211 valid signatures in total. The Certificate of Clerk for the Amended Petition is incorporated into this affidavit by reference.

39.    In connection with my review of the amended/supplemental petition, the 4,306 signatures that were collected prior to October 7, 2025, were also

reviewed in an abundance of caution. I found 2,956 of the 4,306 pre-October 7, 2025, signatures to be valid. (Ex. 14).

40.    On April 10, 2026, the Pinellas County Supervisor of Elections provided the city with an additional voter roll containing 309 registered voters. Based upon this additional voter roll, it was determined that an additional 3 signatures were signed by individuals who are voters of the City and are valid.

41.    The second Certificate of Clerk dated April 22, 2026 (Ex. 14), stated that, if the pre-October 7, 2026, signatures could be counted, the valid signatures would be as follows as of the date of the Certificate:

| | |
|---|---|
| Pre-October 7, 2025, Valid Signatures: | 2,956 |
| Oct.7, 2025-March 17, 2026, Valid Signatures: | 2,702 |
| March 18, 2026-April 17, 2026, Valid Signatures: | 506 |
| Protected Address Voter Roll Valid Signatures: | 3 |
| Signatures Validated Using Inactive Voter List: | 178 |
| Total Valid Signatures if pre-Oct. 7 Considered: | 6,167 |

42.    The Petitioners' Committee timely requested City Council review of the Certificate of Clerk for the Amended Petition under Section 6.06(b) of the City Charter. (Ex. 16).

43.    The Certificate of Clerk for the Amended Petition was reviewed by the City Council at its public meeting held May 21, 2026. Petitioners' Committee members and other interested members of the public were afforded an opportunity

to provide public comment. The City Council ultimately voted to approve the Certificate at that meeting.

44.    At or around the time of the City Council meeting held May 21, 2026, the Petitioners' Committee raised a new issue, contending that the City was required to review and consider signatures of voters who are "inactive."

45.    After Petitioners' Committee first raised that issue, I contacted the SOE to inquire into whether there is a list of "inactive" voters, and, if so, whether they are supposed to be counted in verifying signatures. The SOE advised that "inactive" voters are not included on the voter roll; however, a list of inactive voters could be provided.

46.    Following receipt of the inactive voter list from the SOE, I conducted another review of all signatures that were not previously validated (including the unvalidated signatures from pre-October 7, 2025). Based on my review of the 1,147 individuals on the inactive list, I determined that 178 of the previously unverified signatures were valid.

47.    Therefore, even assuming that "inactive" voters and pre-October 7 signatures must be considered, the valid signatures submitted for the initiative petition total 6,345.

48. Because the initiative petition required at least 7,067 valid signatures, the petition would be insufficient even if the pre-October 7, 2025, signatures and the signatures of voters on the inactive list could be considered.

49. Kelly Myer, Petitioners' Committee member, signed the initiative petition twice.

50. I hereby swear or affirm that the matters stated in this affidavit are true and correct.

51. This concludes my affidavit.

_Rosemarie Call_

Rosemarie Call
City Clerk
City of Clearwater, Florida

STATE OF FLORIDA
COUNTY OF PINELLAS

Sworn to (or affirmed) and subscribed before by means of (✓) physical presence or (__) online notarization on June 15, 2026, by Rosemarie Call, City Clerk of the City of Clearwater, Florida, who (__) is personally known to me or (__) has produced (                    ) as identification.



(SEAL)  NICOLE ANNE SPRAGUE
Notary Public - State of Florida
Commission # HH 571812
My Comm. Expires Jul 15, 2028
Bonded through National Notary Assn.

_Nicole Sprague_

Signature of Notary Public,
State of Florida

Name Typed/Printed/Stamped:

My commission expires: