**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SAVE THE GARDEN, BROOKS GIBBS,
KELLY MYER, JESSICA ANDUJAR,
TONATIUH TELLO, JILL GIBBS,
WILLIAM MATHIS, and JANICE BASLER,
    Plaintiffs,                                Case No. 8:26-cv-01662

v.

CITY OF CLEARWATER,
    Defendant.

_____/

**DEFENDANT'S UNOPPOSED MOTION FOR LEAEVE TO EXCEED**
**PAGE LIMIT AND FILE ONE DAY OUT OF TIME DEFENDANT'S**
**CORRECTED RESPONSE TO PLAINTIFF'S TIME-SENSITIVE**
**MOTION FOR PRELIMINARY INJUNCTION**
**(*NUNC PRO TUNC*)**

Defendant, City of Clearwater, moves for leave to exceed the page limit for responses to motions by 5 pages and to accept Defendant's Corrected Response to Plaintiffs' Time-Sensitive Motion for Preliminary Injunction (DE 18) one day out of time (*nunc pro tunc*). M.D. Local R. 3.01. This motion is unopposed.

The City was directed by paperless order entered June 8, 2026, to respond to Plaintiff's time-sensitive motion for temporary injunction by June 15, 2026. The undersigned was required to file after hour on June 15. After uploading the response and 23 exhibits, error messages were received stating the PDF files were malformed and could not be accepted. The undersigned was unable to resolve the issue as to the exhibits. A response was timely filed before midnight on June 15, 2026; however,

1

without exhibits. The corrected response with the exhibits was filed at roughly 7:00 a.m. June 16, 2026. (DE 18.) The City requests that the Court accept the corrected response (with exhibits) one day out of time, and for leave to exceed the page limit on responses to motions by 5 pages.

The corrected response is 25 pages The City requests to exceed the 20-page limit by 5 pages due to the nature of the motion, the nature of issues, and the important public interests involved. Plaintiffs' complaint alleges the City found their initiative petition for an ordinance to be insufficient on grounds that violated their rights under the First Amendment and City Charter. Their motion seeks preliminary injunctive relief ordering the City to take multiple actions to advance their initiative toward the ballot. Five additional pages are requested to enable the City to adequately address the multiple constitutional issues involved, including the constitutionality of the proposed initiative ordinance if it were adopted. Plaintiff has already obtained leave to file a 7-page reply by June 18 (DE 20).

The City respectfully requests that the Court grant this motion and accept its corrected response (and exhibits) (DE 18) as filed.

## LOCAL RULE 3.2 CERTIFICATION

I certify that, on June 16, 2026, I conferred with counsel for Plaintiffs, Nicholas L.V. Warren, by email regarding the relief requested in this motion, and that this motion is unopposed.

*s/Elizabeth W. Neiberger*
Elizabeth W. Neiberger
FL Bar No. 70102
BRYANT MILLER OLIVE P.A.
One S.E. Third Avenue, Suite 2200
Miami, FL 33131
(305) 374-7349 (Tel)
(305) 374-0895 (Fax)
eneiberger@bmolaw.com
akilpatrick@bmolaw.com
*Lead Counsel for Defendant, City of Clearwater*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 16, 2026, this document was filed electronically with the clerk of the court by using the CM/ECF system, and a copy was served by email on the persons identified on the Service List below.

*s/Elizabeth W. Neiberger*
Elizabeth W. Neiberger

## Service List

Nicholas L.V. Warren, Esq.
Daniel B. Tilley, Esq.
ACLU Foundation of Florida
4343 West Flagler Street, Suite 400
Miami, FL 33134
nwarren@aclufl.org
dtilley@aclufl.org
*Attorneys for Plaintiffs*

3